**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50259 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-00564-JLS |
| v. | |
| MIGUEL ANGEL TRUJILLO-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Miguel Angel Trujillo-Rodriguez appeals from the district court's judgment

and challenges the 30-month sentence imposed following his guilty-plea

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

conviction for being a removed alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Trujillo-Rodriguez contends that the district court procedurally erred by failing to explain its reasons for rejecting his argument for a below-Guidelines sentence in light of the then-pending amendment to U.S.S.G. § 2L1.2. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. Trujillo-Rodriguez argued at length in his sentencing memorandum and during the sentencing hearing that he should receive a lower sentence because, under the amendment that would take effect just a few months after his sentencing, he would be subject to a lower Guidelines range. The record reflects that the court considered these arguments, but did not believe that they supported a downward variance. Rather, the court explained that a mid-range sentence was warranted in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances, including the nature of Trujillo-Rodriguez's offense and his prior crime. While the court might have said more, its failure to do so in this case did not affect Trujillo-Rodriguez's substantial rights. *See United States v. Dallman*, 533 F.3d 755, 762 (9th Cir. 2008).

**AFFIRMED.**